**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

CRYSTAL C.,

                Plaintiff,

   v.                                           5:21-CV-513
                                                     (MAD/DJS)

KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,[1]

                Defendant.

_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| OLINSKY LAW GROUP<br>Attorney for Plaintiff<br>250 South Clinton Street<br>Ste. 210<br>Syracuse, New York 13202 | HOWARD OLINSKY, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL<br>Attorney for Defendant<br>J.F.K. Federal Building - Room 625<br>15 New Sudbury Street<br>Boston, Massachusetts 02203 | JESSICA RICHARDS, ESQ. |

**DANIEL J. STEWART
United States Magistrate Judge**

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security and is substituted as Defendant here pursuant to FED. R. CIV. P. 25(d). The Clerk is directed to modify the docket accordingly.

# REPORT-RECOMMENDATION AND ORDER[2]

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 16 & 22. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

## I. RELEVANT BACKGROUND.

### A. Procedural History

Plaintiff was born in 2000. Dkt. No. 13, Admin. Tr. ("Tr."), p. 294. An application for social security benefits regarding an individual under the age of eighteen was filed on Plaintiff's behalf in March 2015. *See* Tr. at pp. 265-270. A disability onset date of February 1, 2012 was alleged in the application. Tr. at p. 96. Plaintiff's application was initially denied on July 7, 2015 after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 134-141. On October 6, 2017, following a hearing, ALJ Kenneth Theurer issued a decision finding that Plaintiff was not disabled. Tr. at pp. 108-122. Following an administrative appeal, the matter was remanded by the Appeals Council. Tr. at pp. 130-132. Plaintiff appeared at a new hearing before ALJ John Ramos on July 7, 2020, at which Plaintiff and a

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

vocational expert ("VE") testified.  Tr. at pp. 46-73.  On July 21, 2020, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  Tr. at pp. 10-33. On March 2, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  Tr. at pp. 1-5.

### B. The ALJ's Decision[3]

In his decision, the ALJ made the following findings of fact and conclusions of law.  First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application.  Tr. at p. 15.  Second, the ALJ found that Plaintiff had the following severe impairments: scoliosis, obesity, depressive disorder, and attention deficit hyperactivity disorder.  *Id.*  Third, the ALJ found that prior to reaching the age of eighteen, Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings").  Tr. at pp. 15-16.  In light of those findings, the ALJ concluded that Plaintiff was not disabled prior to reaching the age of eighteen.  Tr. at p. 26.

The ALJ then continued his analysis by finding that Plaintiff had not developed any new impairments since reaching age eighteen.  *Id.*  He found that Plaintiff's impairments remained severe, but that they did not meet a listed impairment.  *Id.*  The ALJ then found that Plaintiff has the residual functional capacity to perform light work,

---

[3] Plaintiff reached the age of 18 prior to the decision by ALJ Ramos and so his decision considered her claim under both the standards applicable for a claimant under the age of eighteen as well as the adult standard.  Tr. at pp. 10-11.

2

with numerous exertional and nonexertional limitations. Tr. at p. 28. The ALJ found that Plaintiff had no past relevant work, but that there was work existing in significant numbers in the national economy that Plaintiff could perform. Tr. at pp. 31-32. The ALJ, therefore, concluded that Plaintiff is not disabled. Tr. at p. 32.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than

one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B. Standard to Determine Disability of a Child**

To qualify for social security income, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The Social Security Regulations provide a three-step

4

sequential analysis to determine whether a child is disabled and therefore eligible for SSI. *Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 140 (N.D.N.Y. 2012).

First, the ALJ is to consider whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a medically determinable impairment that is severe. 20 C.F.R. § 416.924(c). Third, if the ALJ finds a severe impairment, he must then consider whether the impairment medically or functionally equals a disability in the Listings. 20 C.F.R. § 416.924(c)-(d).

There are three separate ways by which a claimant may establish that his impairment is medically equivalent to a listed impairment. 20 C.F.R. § 416.926(b). First, a claimant who has an impairment described in the listed impairments, but "do[es] not exhibit one or more of the findings specified in the particular listing, or ... [does] exhibit all of the findings, but one or more of the findings is not as severe as specified in the particular listing," may establish medical equivalence by demonstrating other findings related to his impairment "that are at least of equal medical significance to the required criteria" of the listed impairment. 20 C.F.R. § 416.926(b)(1). Second, a claimant who has an impairment not described in the listed impairments may establish medical equivalence by demonstrating findings related to his impairment that "are at least of equal medical significance" to those of a "closely analogous listed impairment[ ]." 20 C.F.R. § 416.926(b)(2). Third, a claimant who has a combination of impairments, none of which are described in the listed impairments, may establish medical equivalence by demonstrating findings related to his combination of impairments that

"are at least of equal medical significance to those of a[n] [analogous] listed impairment. 20 C.F.R. § 416.926(b)(3).

To demonstrate functional equivalence to a disability, the child must exhibit a "marked" limitation in two of six functional domains, or an "extreme" limitation in one functional domains. The domains are 1) the child's ability to acquire and use information, 2) the child's ability to attend and complete tasks, 3) the child's ability to interact and relate with others, 4) the child's ability to move about and manipulate objects, 5) the child's ability to care for himself, and 6) the child's health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

A child has a "marked" limitation if the impairment "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation exists when the impairment "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

### C. Standard to Determine Disability of an Adult

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

>First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff raises two issues for the Court's consideration in this action. First, she contends that the ALJ erred in not properly weighing the opinions of her teachers. Dkt. No. 16, Pl.'s Mem. of Law at pp. 14-20. Second, Plaintiff asserts that the ALJ erred in not including a limitation on her ability for sustaining concentration, persisting, and maintaining pace identified by Dr. Grassl, despite finding Dr. Grassl's opinion credible. *Id.* at pp. 20-23. Neither argument is a basis for remand.

7

## A. The Opinions of Plaintiff's Teachers

With respect to Plaintiff's eligibility for benefits prior to attaining the age of eighteen, she contends that the ALJ erred by failing to properly assess the opinions in the record from her teachers. Pl.'s Mem. of Law at pp. 14-20. Plaintiff contends that the ALJ's analysis was deficient in particular with respect to the analysis of the domains of acquiring and using information and attending and completing tasks. *Id.* at p. 18.

Opinions from teachers are "deemed valuable sources of evidence in assessing impairment severity and functioning and should be considered by the ALJ." *Reid v. Astrue*, 2010 WL 2594611, at *5 n. 4 (N.D.N.Y. June 23, 2010). "Although the determination of the appropriate weight to be accorded to opinions of record lies with ALJ, the ALJ has an obligation to explain his decision to assign limited weight to the opinions of a claimant's teachers 'who [have] had extensive, first-hand opportunities to observe [c]laimant and assess his limitations.'" *Vazquez ex rel. J.V. v. Colvin*, 2015 WL 1241251, at *20 (W.D.N.Y. Mar. 18, 2015) (quoting *Stanley v. Comm'r of Soc. Sec.*, 32 F. Supp. 3d 382, 395 (N.D.N.Y. 2014)). "Although an ALJ does not have to state on the record every item of testimony supporting his conclusion, his decision does need to afford an adequate basis for meaningful judicial review and be supported by substantial evidence." *Devon C. v. Comm'r of Soc. Sec.*, 2021 WL 2280987, at *5 (W.D.N.Y. June 4, 2021).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. at 153. The Court will not reweigh the evidence that was before the ALJ. *Warren v. Comm'r of Soc. Sec.*, 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016), *report and recommendation adopted*, 2016 WL 7238947 (N.D.N.Y. Dec. 13, 2016). Here, it appears clear that the gravamen of Plaintiff's Motion is that the ALJ erred in crediting certain opinions over others. *See* Pl.'s Mem. of Law at pp. 18 & 20 (referring to ALJ's reliance on medical opinions over teacher opinions "misguided" and "misplaced"). The choice to do so, however, was the ALJ's to make, *Ezequiel C. v. Kijakazi*, 2022 WL 2231178, at *4 (N.D.N.Y. May 12, 2022), *report and recommendation adopted*, 2022 WL 2230346 (N.D.N.Y. June 21, 2022), and the Court sees no error in the manner in which the ALJ did so here.

Plaintiff cites error on the part of the ALJ in considering the opinions regarding two domains in the functional equivalence analysis: acquiring and using information and attending and completing tasks. Pl.'s Mem. of Law at p. 16.

In the domain of acquiring and using information, the ALJ found:

> Dr. Putcha and Dr. Palomina concluded that the claimant has no limitations in this domain while the claimant's homebound teacher, Ms. Brown, indicated that the claimant had an "obvious problem" in this domain. (Exs.2A; 20E; 7F; 13F). The claimant's 7th grade math teacher indicated that the claimant had a "serious problem" in expressing ideas in written form learning new material, and recalling and applying previously learned material with the remaining activities in this domain having no more than an

> "obvious problem." (Ex.20E). Although these teachers had regular contact for a period of time with the claimant, their conclusions are not consistent with the record. For example, the claimant's 7th grade math teacher said the claimant had serious problems in this domain, but the claimant passed this grade, including math. (Ex.21E, p.5). Also the school's subcommittee on special education declassified the claimant and the claimant did not have an IEP which does not support the claimant having serious or obvious problems in this domain. Additionally, the results from the claimant's speech/language evaluation contradicts the assessed serious/obvious problems. One allegation was that the claimant had a serious problem in expressing ideas in written form, yet the results of the evaluation showed that the claimant was able to formulate and complete a grammatically appropriate sentence with minimal reminders to use appropriate grammar. (Ex.3F, p.2).

Tr. at p. 20. That analysis expressly recognized conflicting opinions between Doctors Putcha and Palomina and those of Plaintiff's teachers. It discussed the limitations identified by the teachers, but provided an explanation for discounting those opinions. Specifically, the ALJ recognized that despite the stated concerns Plaintiff had passed her math class, was no longer receiving special education services, and independent assessments demonstrated less severe limitations than those suggested by the teachers. Tr. at p. 20. These were relevant considerations for the ALJ and the ALJ adequately explained his reliance on them. *Sarah H.. o/b/o A.H. v. Saul*, 2021 WL 2451528, at *5 (W.D.N.Y. June 16, 2021). The teachers opined that Plaintiff had at most a serious problem in only some of the evaluative categories in this domain. Tr. at pp. 310 & 366-367. Even a serious problem does not necessarily correspond to a "marked" limitation. *Bryan o/b/o L.J.P. v. Comm'r of Soc. Sec.*, 2017 WL 3530367, at *9 (N.D.N.Y. Aug. 16, 2017). Doctors Putcha and Palomino both found no limitations in this domain. Tr. at pp. 101, 563, & 803-804. Given the ALJ's weighing of the opinions, substantial

10

evidence supported the conclusion that Plaintiff did not have a marked limitation in this domain.

With respect to attending and completing tasks, the ALJ's consideration of the opinions was:

> Dr. Palomino stated in 2015 that the claimant had a marked limitation in this domain due to severe back pain (Ex.7F, p.3); however, after years of treatment, in 2017, Dr. Palomino determined that the claimant no longer had a limitation in this domain. (Ex.13F, p.2). Dr. Putcha found no limitation in this domain. (Ex.2A). However, the claimant's 7th grade math teacher indicated that the claimant had a "serious problem" for completing work accurately without careless mistakes and working at a reasonable pace/finishing on time. (Ex.6E, p.5). Ms. Brown rated this domain as overall an "obvious problem." (Ex.20E). As previously noted, the claimant is distractible which supports the teachers' conclusions, but the claimant can be put back on task with some redirection and she is more focused if her hands are kept busy which does not support the severity of the teachers' assessments.

Tr. at p. 21. Here again, the ALJ acknowledged differing opinions. Dr. Putcha and Palomino found no limitations. Tr. at pp. 101 & 804.[4] The ALJ specifically noted the differing opinions from teachers. Tr. at p. 21. In concluding that Plaintiff had less than marked limitation in this domain, he relied on Dr. Palomino's updated opinion demonstrating that following treatment Plaintiff no longer had limitations in this area. *Id.* He also specifically noted that while her teachers had concerns, other evidence in the record from both a school psychologist and occupational therapist indicated that Plaintiff was responsive to "minimal verbal [cues] for redirection[], focus, and

---

[4] The ALJ also noted that this was a change from a prior opinion from Dr. Palomino. Tr. at p. 21.

11

participation." *Id.* Here again, the ALJ's conclusion is supported by substantial evidence.

"It is the province of the ALJ to resolve genuine conflicts in the record." *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *4 (N.D.N.Y. Feb. 27, 2017). Here, the ALJ did so. He chose to rely more heavily on medical opinions, including that of Dr. Palomino who was a treating provider, than those from Plaintiff's former teachers. In doing so, however, he recognized the divergence of opinion and provided explanations for discounting certain opinions while relying on others. Tr. at pp. 20 & 21. This conclusion was supported by substantial evidence and satisfied the ALJ's obligation to provide an adequate explanation for his conclusion. *Vicky M. v. Comm'r of Soc. Sec.*, 2018 WL 4119112, at *9 (N.D.N.Y. Aug. 28, 2018). Plaintiff's Motion offers strong reasons why the ALJ should have balanced the opinions differently and arrived at a different conclusion. However, "[w]hile Plaintiff may disagree with the ALJ's assessment of the record evidence, it is not this Court's role to reweigh the evidence." *Edward A. v. Saul*, 2020 WL 4015265, at *3 (N.D.N.Y. July 15, 2020).

In weighing the opinions, the ALJ "must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." *Frye ex rel. A.O. v. Comm'r of Soc. Sec.*, 2010 WL 6426346, at *5 (N.D.N.Y. Nov. 12, 2010). Here, the ALJ satisfied these requirements and so the Court recommends that the ALJ's consideration of the teacher opinions is not a basis for remand.

## B. Dr. Grassl's Opinion

The record contains a consultative examiner's report from Dr. Grassl. Tr. at pp. 865-871. The ALJ afforded Dr. Grassl's opinion "great weight." Tr. at p. 31. Among her findings, Dr. Grassl found Plaintiff to be "moderately limited in her ability to . . . sustain concentration and perform a task at a consistent pace." Tr. at p. 867. The RFC found Plaintiff could "maintain attention/concentration for simple tasks and regularly attend to a routine and maintain a schedule." Tr. at p. 28. Plaintiff objects that having given Dr. Grassl's opinion great weight it was error not to limit Plaintiff's ability to concentrate and perform at a consistent pace in the RFC. Pl.'s Mem. of Law at pp. 20-24.

First, it is clearly established that finding a medical opinion entitled to weight does not require the ALJ to adopt all limitations identified within the opinion. The RFC is an administrative finding, not a medical finding, and there is no requirement that the RFC mirror any one medical opinion in the record. *Scott D. v. Comm'r of Soc. Sec.*, 2021 WL 4481191, at *4 (W.D.N.Y. Sept. 30, 2021). Nor is the ALJ required "to adopt each and every limitation identified" merely because she gave weight to an opinion. *Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *4 (N.D.N.Y. Mar. 18, 2019); *see also Shyla D. v. Kijakazi*, 2022 WL 798158, at *6 (N.D.N.Y. Mar. 16, 2022). It thus was not error to not include such a limitation just because the ALJ afforded the opinion of Dr. Grassl great weight.

Second, the ALJ's judgment not to limit Plaintiff as she now suggests find support in the record from Dr. Grassl's opinion itself. Dr. Grassl identified no limitation on Plaintiff's ability to understand, remember, or carry out simple instructions. Tr. at p. 869. Dr. Grassl also checked "no" on an evaluation form asking whether there were "any other capabilities (such as the ability to concentrate, persist, or maintain pace and the ability to adapt or manage oneself) affected by the impairment." Tr. at 870. These findings provided support for the ALJ's conclusion that Plaintiff could "maintain attention/concentration for simple tasks and regularly attend to a routine and maintain a schedule." Tr. at p. 28.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the Complaint **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed

with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: August 4, 2022
      Albany, New York

*[signature]*
Daniel J. Stewart
U.S. Magistrate Judge