UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CRYSTAL C.,

                       **Plaintiff,**

  vs.                                                  5:21-CV-513
                                                           (MAD/DJS)
KILOLO KIJAKAZI, *Acting Commissioner of
Social Security*,

                       **Defendant.**
_____

APPEARANCES:                                           OF COUNSEL:

**OLINSKY LAW GROUP**                       **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **JESSICA RICHARDS, ESQ.**
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, Massachusetts 02203
Attorneys for the Commissioner

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

     Plaintiff commenced this action on May 5, 2021, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. *See* Dkt. No. 1. In a Report-Recommendation and Order dated August 4, 2022, Magistrate Judge Stewart recommended that the Court affirm the Commissioner's decision and dismiss this action, which is currently before the Court.

## II. BACKGROUND[1]

Plaintiff was born in 2000 and an application for Social Security benefits regarding an individual under the age of eighteen was filed on Plaintiff's behalf in March 2015, alleging a disability onset date of February 1, 2012. *See* Dkt. No. 13, Administrative Transcript ("Tr.") at 96, 265-70. Plaintiff appeared at a hearing before Administrative Law Judge ("ALJ") John Ramos on July 7, 2020, at which Plaintiff and a vocational expert testified. *See id.* at 46-73. On July 21, 2021, the ALJ issued a written decision finding that Plaintiff was not disabled under the Social Security Act. *See id.* at 10-33. On March 2, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See id.* at 1-5.

In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application. *See id.* at 15. Second, the ALJ found that Plaintiff had the following severe impairments: scoliosis, obesity, depressive disorder, and attention deficit hyperactivity disorder ("ADHD"). *See id.* Third, the ALJ found that prior to reaching the age of eighteen, Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). *See id.* at 15-16. As such, the ALJ concluded that Plaintiff was not disabled prior to reaching the age of eighteen. *See id.* at 26.

Since Plaintiff reached the age of eighteen prior to ALJ Ramos' decision, he also considered her claim under the standard for adult claimants. The ALJ continued his analysis by finding that Plaintiff had not developed any new impairments since reaching the age of eighteen.

---

[1] For a complete recitation of the relevant background and procedural history of this matter, reference is made to Magistrate Judge Stewart's Report-Recommendation and Order.

*See id.* The ALJ found that, while Plaintiff's impairments remain severe, they did not meet a listed impairment. *See id.* ALJ Ramos then found that Plaintiff has the residual functional capacity to perform light work, with numerous exertional and nonexertional limitations. *See id.* at 28. The ALJ found that while Plaintiff had no past relevant work, there was work in significant numbers in the national economy that Plaintiff could perform. *See id.* at 31-32. Accordingly, the ALJ determined that Plaintiff was not disabled. *See id.*

Plaintiff raises two issues for the Court's consideration in this case. First, Plaintiff contends that the ALJ erred in not properly weighing the opinions of her teachers. *See* Dkt. No. 16 at 14-20. Second, Plaintiff claims that the ALJ erred in not including a limitation on her ability for sustaining concentration, persisting, and maintaining pace identified by Dr. Grassl, despite finding Dr. Grassl's opinion credible. *See id.* at 20-23.

Magistrate Judge Stewart recommended that the Court reject both arguments and dismiss this action. *See* Dkt. No. 23. In her objections to Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff contends that the ALJ's finding that Plaintiff had less than marked limitations in the domains of acquiring and using information and attending and completing tasks was not supported by substantial evidence, since the ALJ improperly relied upon the unqualified opinions of orthopedic surgeons, rather than the probative opinions of Plaintiff's teachers. *See* Dkt. No. 24 at 1-3. Next, Plaintiff contents that the ALJ's "adult" residual functional capacity ("RFC") is not supported by substantial evidence, as the ALJ failed to explain why there was no limitation for sustaining concentration, persistence or pace, despite adopting the "persuasive" opinion of Dr. Grassl. *See id.* at 3-4.

### III. DISCUSSION

**A.     Standard of Review**

*1. Substantial Evidence*

A court's review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence and the correct legal standards were applied. *See Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009). "Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S. Ct. 456, 95 L. Ed. 456 (1951)). If the Commissioner's disability determination is supported by substantial evidence, that determination is conclusive. *See id.* Indeed, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's decision must be upheld — even if the court's independent review of the evidence may differ from the Commissioner's. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982); *see also Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citations omitted). However, "where there is a reasonable basis for doubting whether the Commissioner applied the appropriate legal standards," the decision should not be affirmed even though the ultimate conclusion reached is arguably supported by substantial evidence. *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

*2. Disability Determination — The Five-Step Evaluation for Adults*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  In addition, the Act requires that a claimant's:

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

*Id.* § 423(d)(2)(A).

The ALJ must follow a five-step evaluation process in deciding whether an individual is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ must determine whether the claimant engaged in substantial gainful activity during the relevant period.  A claimant engaged in substantial gainful activity is not disabled, and is therefore not entitled to benefits.  *See id.* §§ 404.1520(b), 416.920(b).

If the claimant has not engaged in substantial gainful activity, then step two requires the ALJ to determine whether the claimant has a severe impairment or combination of impairments which significantly restricts his or her physical or mental ability to perform basic work activities.  *See id.* §§ 404.1520(c), 416.920(c).

If the claimant is found to suffer from a severe impairment or combination of impairments, then step three requires the ALJ to determine whether, based solely on medical evidence, the impairment or combination of impairments meets or equals an impairment listed in Appendix 1 of the regulations (the "Listings").  *See id.* §§ 404.1520(d), 416.920(d); *see also id.*

5

Pt. 404, Subpt. P, App. 1.  If the claimant's impairment or combination of impairments meets one or more of the Listings, then the claimant is "presumptively disabled."  *Martone*, 70 F. Supp. 2d at 149 (citing *Ferraris v. Heckler*, 728 F.2d 582, 584 (2d Cir. 1984)).

If the claimant is not presumptively disabled, step four requires the ALJ to assess whether, despite the claimant's severe impairment, he or she has the residual functional capacity ("RFC") to perform past relevant work.  *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).  The burden of proof with regard to these first four steps is on the claimant.  *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996) (citing *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983)).

If it is determined that the claimant cannot perform his or her past relevant work, the burden shifts to the Commissioner for step five.  *See Perez*, 77 F.3d at 46 (citing *Carroll*, 705 F.2d at 642).  This step requires the ALJ to examine whether the claimant can do any type of work.  *See* 20 C.F.R. §§ 404.1520(g), 416.920(g).  The regulations provide that factors such as a claimant's age, physical ability, education, and previous work experience should be evaluated to determine whether a claimant retains the RFC to perform work in any of five categories of jobs: very heavy, heavy, medium, light, and sedentary.  *See Perez*, 77 F.3d at 46 (citing 20 C.F.R. § 404, Subpt. P, App. 2).  "[T]he Commissioner need only show that there is work in the national economy that the claimant can do; [she] need not provide additional evidence of the claimant's residual functional capacity."  *Poupore*, 566 F.3d at 306 (citing 20 C.F.R. § 404.1560(c)(2)).

### *3. Disability Determination – The Three-Step Evaluation for Minors*

"An individual under the age of 18 is considered to be disabled if he is not engaged in 'substantial gainful activity' and has a 'medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which ... has lasted or can be expected to last for a continuous period of not less than 12 months.'"  *Miller v. Comm'r of Soc.*

*Sec.*, 409 Fed. Appx. 384, 386 (2d Cir. 2010) (quoting 42 U.S.C. § 1382c(a)(3)(C)).  Regulations enacted by the Social Security Administration set forth a three-step analysis for evaluating whether a child's impairment meets this definition of disability:

> First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b).  Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* § 416.924(c).  Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* § 416.924(c)-(d).

*Miller*, 409 Fed. Appx. at 386 (quotation omitted).

### *4. Review of Report and Recommendation*

When a party files specific objections to a magistrate judge's report and recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error.  *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.     Application**

### *1. Objection 1*

In her opening brief and in her objections, Plaintiff contended that, "with respect to his analysis of the childhood domains of acquiring and using information and attending and

completing tasks, the ALJ improperly gave deference to the opinions of orthopedic surgeons Drs. Palomino and Putcha, over the more probative opinions of ... Plaintiff's seventh and ninth grade teachers, who observed Plaintiff on a daily basis, and respectively found a 'serious problem' in attending and completing tasks ..., and in acquiring and using information." Dkt. No. 24 at 1 (citing Tr. at 309-11, 367).  "Specifically, Plaintiff pointed out that treating orthopedic surgeon Dr. Palomino acknowledged that she could only provide a credible assessment of Plaintiff's physical functioning stemming from her scoliosis ..., and that non-examining state agency medical consultant Dr. Putcha, who also specializes in orthopedics ..., was equally not qualified to assess Plaintiff's functioning in these two, non-physical domains." *Id.* at 1-2.  Accordingly, Plaintiff claims that there was no competent opinion evidence to contradict the teachers' findings that Plaintiff had marked limitations in these mental domains, such that the ALJ's stated reliance on the findings of Drs. Palomino and Putcha was improper, and his conclusion that Plaintiff had less than marked limitations in the domains of acquiring and using information and attending to and completing tasks was not supported by substantial evidence. *See id.* at 2.  Plaintiff also notes that the teachers' opinions were consistent with the educational records, including the following: in 2007, Plaintiff placed in the sixth percentile rank in articulation testing, and demonstrated delays in auditory processing; she repeated the first grade, and attended summer school in 2010 and 2013; her fourth and fifth grade teachers noted she was "extremely behind academically;" she had zero earned credits while in middle school for the 2013-14, 2014-15, and 2015-16 academic years; and, once she got to high school, Plaintiff failed all of her ninth grade classes for four straight academic years.  *See id.* (citations omitted).  Finally, Plaintiff notes that in January 2020,

consultative examiner Dr. Grassl concluded that she has limited intellectual functioning, possibly due to ADHD. *See id.*[2]

Initially, the Court notes that Drs. Palomino and Putcha assessed the six functional domains relevant to the functional equivalence determination for children and did not provide an opinion on Plaintiff's residual mental functional capacity – a consideration only relevant to assessing adult disability claims. *See* 20 C.F.R. §§ 416.920(a)(4)(iv), 416.926a(b)(1). Second, as the Commissioner correctly notes, while a medical opinion might be afforded less weight because of the doctor's specialization, a doctor is not disqualified from providing an opinion based solely on a specialization. *See* 20 C.F.R. § 416.927(c)(5). Third, as Magistrate Judge Stewart noted, the ALJ not only discussed the divergence between the medical opinions and the teachers' opinions, but also relied on substantial evidence to support his conclusion, and notably found Plaintiff more limited than the opinions from Drs. Palomino and Putcha. *See* Tr. at 19, 31, 101, 563, 803-04. While Plaintiff might disagree with the ALJ's assessment, the assessment is supported by substantial evidence and it is not this Court's role to reweigh the evidence. *See Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 448 (2d Cir. 2012).

Accordingly, the Court finds that Magistrate Judge Stewart correctly determined that the ALJ properly assessed the opinions of Plaintiff's teachers and Plaintiff's first objection is overruled.

**2. Objection 2**

---

[2] In her objections, Plaintiff indicates that "Dr. Grassl found that Plaintiff could *not* count to 20 or do even simple calculations[.]" Dkt. No. 24 at 2 (citing Tr. at 866) (emphasis added). In her evaluation, however, Dr. Grassl found that Plaintiff "*could* count to 20 and do simple calculations." Tr. at 866 (emphasis added).

In her opening brief, "Plaintiff contended that the ALJ erred in failing to incorporate any limitation for sustaining concentration, persistence or pace into the RFC, despite acknowledging that Dr. Grassl's opinion that Plaintiff's was moderately limited in her ability to sustain concentration and perform at a consistent pace ... was entitled to 'great weight.'" Dkt. No. 24 at 3 (citing Tr. at 31, 867). In her second objection, Plaintiff claims that Magistrate Judge Stewart "essentially brushed this argument aside, concluding that there is no requirement that an RFC mirror a medical finding/opinion." *Id.* at 3-4 (citing Dkt. No. 23 at 14). Plaintiff contends that, "while an ALJ is entitled to disregard portions of a medical opinion, he must nonetheless explain why he did so." *Id.* at 4. Plaintiff argues that the ALJ offered no explanation for why that portion of Dr. Grassl's opinion, finding a moderate limitation in sustaining concentration, persistence or pace, was not included in the RFC. *See id.* Rather, Plaintiff contends that the ALJ "simply concluded that, despite this limitation, Plaintiff is capable of maintaining concentration for simple tasks." *Id.*

Dr. Grassl provided a medical source statement and completed a checkbox form. *See* Tr. at 869-70. Relevant here, in the medical source statement, Dr. Grassl opined that Plaintiff was moderately limited in her ability to sustain concentration and perform a task at a consistent pace. *See id.* On the form, Dr. Grassl explained that Plaintiff's attention and concentration difficulties precluded her from complex tasks. *See id.* at 869. During the examination, Dr. Grassl found that Plaintiff was able to perform simple calculations, count to twenty, and only had difficulties with more complex tasks of "serial 3s and serial 7s." *Id.* at 866. Dr. Grassl concluded that Plaintiff would have no other limitations in her ability to concentrate, persist, or maintain pace, as it relates to performing simple tasks. *See id.* at 870. As such, the ALJ precluding any complex tasks and limiting Plaintiff to only simple work encompassed Dr. Grassl's opinion. As Magistrate Judge

Stewart correctly noted, the RFC assessment accurately reflected the totality of Dr. Grassl's opinion.

Accordingly, the Court overrules Plaintiff's second objection and finds that the Commissioner's decision is supported by substantial evidence and this case must be dismissed.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Stewart's August 4, 2022 Report-Recommendation and Order (Dkt. No. 23) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 16) is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in the Commissioner's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 2, 2022
       Albany, New York

_Mae A. D'Agostino_
U.S. District Judge